UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRUSTEES OF THE LOCAL 1034 PENSION
TRUST FUND,

                    Plaintiffs,                                  **ORDER**

            -against-                          23-CV-5456 (NJC) (JMW)

SCEPTER LIMOUSINE SERVICE, INC.*, et. al.*

                    Defendants.
------------------------------------------------------------X

**A P P E A R A N C E S :**

Sydney Juliano, Esq.
Neil V. Shah, Esq.
**Proskauer Rose LLP**
11 Times Square
New York, NY 10036
*Attorneys for Plaintiffs*

*No appearance for Defendants Scepter Limousine Service, Inc., XYZ Corporations 1-10, or John and Jane Does 1-10*

**WICKS,** Magistrate Judge:

        Plaintiffs, Trustees of the Local 1034 Pension Trust Fund (the "Fund"), commenced this suit in their capacities as fiduciaries against three parties: (1) Scepter Limousine Service, Inc.; (2) fictitious entities XYZ Corporations; and (3) fictitious individuals John and Jane Does 1-10 (collectively "Defendants").  Specifically, Plaintiffs seek to recover withdrawal liability in the amount of $347,604 owed to the Fund pursuant to 29 U.S.C. § 1451(d).  Plaintiffs are now requesting leave under Fed. R. Civ. P. 26(d)(1) to subpoena parties to determine the identities of the unknown corporations or individuals that may have been under Scepter's common control and are jointly and severally liable for the monies owed.  For the reasons that follow, Plaintiff's motion (ECF No. 9) is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

The Fund is a multi-employer, labor-management fund established and maintained under collective bargaining agreements.  (ECF No.1 ¶ 8.)  Plaintiffs administer the Fund from Long Island City, New York.  (*Id.* ¶ 9.)  Scepter is a corporation with its principal place of business in Elwood, New York, while the fictious entities and individuals are believed to be under Scepter's common control.[1]  (*Id.* ¶¶ 10-12.)

As a party to the collective bargaining agreement, Scepter was required to remit contributions to the Fund for employees performing covered work.  (*Id.* ¶ 13.)  Scepter, however, permanently ceased all operations on March 1, 2023.  (*Id.* ¶ 14.)  Because it ceased all operations, Plaintiffs notified Scepter by letter on February 28, 2023, that this effectuated a complete withdrawal from the Fund.  (*Id.* ¶ 15.)  Plaintiffs informed Scepter it owed $1,246,172[2] to be paid in installments for its allocated share of the Fund's unfunded vested liabilities.  (*Id.*)  Two weeks later, by letter on March 15, 2023, Plaintiffs advised Scepter it was declared in default and accelerated the withdrawal liability because, Scepter having ceased all operations, there was a substantial risk it could not pay the owed amount.  (*Id.* ¶ 16.)  Thus, because of the default, the entire amount was immediately due.  (*Id.*)  To date, Scepter has not made any payments; has not requested a review of the withdrawal liability assessment; nor has it commenced arbitration.  (*Id.* ¶ 17.)

---

[1] *See* 29 U.S.C. § 1301(b)(1) (discussing that employees of trades or businesses under "common control" are to be treated as employed by a single employer and are "jointly and severally liable for the withdrawal liability of another"); *Finkel v. Gaffney-Kroese Elec. Supply Corp.*, No. 22-CV-1777 (DG) (TAM), 2023 U.S. Dist. LEXIS 29851, at *13 (E.D.N.Y. Feb. 22, 2023) (noting that businesses under "common control" include parent-subsidiaries or brother-sister companies).

[2] It is not entirely clear from where this figure derives, as Plaintiffs only seek $347,604 from each Defendant plus various interests which totals $ 438,676.25.

On July 19, 2023, Plaintiffs filed the underlying action seeking relief from three parties: (1) Scepter (*id.* ¶ 23); (2) unknown corporations exercising common control of Scepter (*id.* ¶ 27); and (3) unknown sole proprietorships exercising common control of Scepter. (*id.* ¶ 31.)  Plaintiffs seek the following damages from Defendants: (1) $347,604 in withdrawal liability; (2) $21,551.45 in interest accrued until the filing of the complaint and interest accrued at 1.5% per month or 0.05% per day on the withdrawal liability from the filing of this action to the date of judgment; and (3) liquidated damages equal to $69,520.80 or accrued interest.  (*Id.* ¶¶ 23, 27, 31.)

On August 31, 2023, Scepter having not appeared, Plaintiffs requested a certificate of default against Scepter and the Clerk entered default on September 6, 2023.  (ECF Nos. 8, 10.) Before the Court is Plaintiff's motion for expedited discovery in which Plaintiffs request leave under Fed. R. Civ. P. 26(d)(1) to conduct discovery prior to filing a motion for default judgment. (ECF No. 9.)  Specifically, upon learning that Scepter's deceased owner owned several automotive dealerships, Plaintiffs request documents and testimony from each Defendant to identify businesses with which Scepter may have been under common control.  (*Id.*)  If Plaintiffs identify additional parties through this discovery, they will then seek to amend the Complaint.  (*Id.* at 2.)

## LEGAL STANDARD

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1).  When considering a motion for expedited discovery before a 26(f) conference, "courts generally apply a 'flexible standard of reasonableness and good cause.'"  *Strike 3 Holdings, LLC v. Doe*, No. 22-CV-6120 (AMD) (CLP), 2023 U.S. Dist. LEXIS 51864, at *2 (E.D.N.Y. Mar. 27, 2023) (quoting *Digital Sin, Inc. v. John Does 1–176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012)).  The following five factors are considered on such applications:

(1) a concrete showing of a prima facie claim of actionable harm;

(2) [the] specificity of the discovery request;

(3) the absence of alternative means to obtain the subpoenaed information;

(4) a central need for the subpoenaed information to advance the claim; and

(5) the party's expectation of privacy.

*Mirza v. Doe #1*, No. 20-cv-9877, 2021 WL 4596597, at *5 (S.D.N.Y. Oct. 6, 2021)).

These factors—identified by the Second Circuit in *Arista Records, LLC v. Doe*, 604 F.3d 110 (2d Cir. 2010), are relied upon to analyze whether to grant a party leave to issue subpoenas under Fed. R. Civ. P. 45 for gathering information needed to determine an anonymous party's identity. *See Strike 3 Holdings, LLC*, 2023 U.S. Dist. LEXIS 51864 at *2 (collecting cases). Although *Arista* involved a motion to quash a subpoena already issued, notwithstanding the different procedural posture than here, courts still apply these factors. *See Strike 3 Holdings, LLC v. Doe*, No. 20-cv-4501 (WFK) (VMS), 2021 U.S. Dist. LEXIS 27836, at *9 (E.D.N.Y. Feb. 12, 2021) ("This Court finds that a Rule 26(d)(1) motion should be analyzed in light of the reasonableness and good cause standard incorporating the *Arista* factors . . . ."); *Strike 3 Holdings, LLC v. Doe*, 331 F.R.D. 14, 18 (E.D.N.Y. 2019) ("The *Arista* factors inform [my] analysis but do not end it."). Thus, while these factors are relevant, they are not the *only* factors. *See In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 87–90 (E.D.N.Y. 2012) (combining the *Arista* factors with other factors like abusive litigation tactics).[3]

---

[3] Although *Arista* involved a copyright case, the factors borne out of *Arista* have been applied to other contexts as well. *See Aurecchione v. Falco*, No.22-cv-4538 (NSR), 2022 U.S. Dist. LEXIS 160158 (S.D.N.Y. Aug. 30, 2022) (28 U.S.C. § 1983 case); *Colds v. Smyth*, No. 22-CV-2023 (CS), 2023 U.S. Dist. LEXIS 171521 (S.D.N.Y. Sept. 26, 2023) (same); *Cabrera v. Anyelisa Rest. Corp.*, No. 22-cv-6349 (LJL), 2023 U.S. Dist. LEXIS 31239 (S.D.N.Y. Feb. 24, 2023) (Fair Labor Standards Act claims); *Zemskova v. Does,* No. 21-cv-8393 (MKV), 2022 U.S. Dist. LEXIS 5264 (S.D.N.Y. Jan. 11, 2022) (N.Y. civil rights law § 51 and libel *per se*).

## DISCUSSION

Plaintiffs here satisfy the *Arista* five-factor test.  First, as to the concrete showing of harm, Plaintiffs argue that the Complaint establishes that they have assessed the withdrawal liability and that no payments have been made to the fund.  (ECF No. 9 at 2.)  Thus, the Court finds that this factor is satisfied.

As to the second factor—specificity of the document request—Plaintiffs argue that they "intend to seek documents and testimony from Scepter, certain automotive dealerships, and their principal(s) to identify any trades or businesses with which Scepter may have been under common control as of its withdrawal from the Fund on March 1, 2023."  (ECF No. 9 at 2.)  This factor is also satisfied as the request is sufficiently detailed.  *See Zemskova v. Does,* No. 21-cv-8393 (MKV), 2022 U.S. Dist. LEXIS 5264, at *4 (S.D.N.Y. Jan. 11, 2022) (finding plaintiff's request to identify names and addresses associated with the registrant of the website was "specific, narrowly tailored, and likely to identify information" to make service possible upon defendants); *SingularDTV, GmbH v. Doe*, 637 F. Supp. 3d 38, 42 (S.D.N.Y. 2022) (noting that courts deny expedited discovery requests if a plaintiff's subpoena is "swe[pt] broadly" because it seeks documents other than those relevant to the identify and location of an unknown accountholder); *see also* Jim Wagstaffe and The Wagstaffe Group, *Scope of Discovery (Federal)* (2023) (stating that it is "unlikely that a

---

Some courts in this Circuit have also applied a different, four-factor test for expedited discovery.  *See Notaro v. Koch,* 95 F.R.D. 403, 405 (S.D.N.Y. 1982) (looking at (1) irreparable injury, (2) some probability of success on the merits; (3) some connection between the expedited discovery and the avoidance of irreparable injury; and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury the defendant will suffer if the expedited relief is granted). However, *Colds* outlines good reason for rejecting the *Notaro* four-factor test in favor of the *Arista* test, stating that the *Arista* "reasonableness" test is "more flexible and liberal" and "plaintiff-friendly."  *See Colds*, 2023 U.S. Dist. LEXIS 171521 at *10 n.4.  For these reasons, the undersigned applies the *Arista* factors here.

motion for expedited discovery will be granted if the discovery is not narrowly tailored and goes to the merits of the case").

Turning to Defendants' expectation of privacy – the fifth factor set forth above – the Court finds this factor to be neutral based upon the documents requested.  (ECF No. 9 at 3.)

However, the third and fourth factors require a bit more discussion.  As to the absence of alternative means and the central need to advance the claim, Plaintiffs argue they "have no alternative means of obtaining the identities of these putative defendants" because "the ownership of Scepter and any other trades or businesses that may be under common control with Scepter are solely within the possession of those entities and their principal(s)."  (ECF No. 9 at 2.)  Plaintiffs' motion further states, "According to the New York Secretary of State's website, Scepter's current chief executive officer is Juliana Sollecito (Mr. Sollecito's daughter), who upon information and belief, is also Scepter's owner."  (ECF No. 9 at 2.)  Although Ms. Sollecito may possess the very information they are seeking, it is rather unlikely that she would voluntarily provide such information.  Rather, Plaintiffs would need to compel Ms. Sollecito to produce the information through a subpoena.  Therefore, Plaintiffs have demonstrated a central need for the discovery.

Finally, Plaintiffs contend that expedited discovery is the "most efficient resolution" because they will have to retrieve these same documents during judgment enforcement proceedings.  Plaintiffs have also included a proposed schedule and outlined their next steps in the event that the motion is granted.  Such steps would streamline the case and prevent unnecessary document requests in the future.  For these reasons, these factors weigh in Plaintiffs' favor.

In addition to the reasons set forth above, courts generally only grant motions for discovery prior to a 26(f) hearing in two circumstances.  First, when the plaintiff requires information from an unnamed third-party to discover the defendant's identity—commonly in copyright infringement

cases and usually involving a "John Doe" defendant.  *See Arista Records LLC v. Doe*, 604 F.3d 110 (2d Cir. 2010) (granting motion seeking discovery before 26(f) conference to identify unknown defendant); *UN4 Prods. v. Doe*, No. 17-CV-3278 (PKC) (SMG), 2017 U.S. Dist. LEXIS 91582 (E.D.N.Y. June 14, 2017) (same); *In re Malibu Media Adult Film Copyright Infringement Cases*, No. 15-cv-1855 (SJF)(SIL) *et al.*, 2015 U.S. Dist. LEXIS 74125 (E.D.N.Y. June 8, 2015) (same); *cf. Colds v. Smyth*, No. 22-CV-2023 (CS), 2023 U.S. Dist. LEXIS 171521, at *26-27 (S.D.N.Y. Sept. 26, 2023) (finding that plaintiff had alternative means of identifying the John Does).  And second, when a plaintiff files for default judgment but is unable to serve the defendant because they can no longer locate them, which is not at issue here.

Plaintiffs are unaware of the identities companies and individuals that share common ownership with Scepter and have no alternative means of obtaining the information.  Therefore, this discovery is necessary in order to effectively plead their case.  *Cf. Behav. Analyst Certification Bd. v. Solis*, No. 21-cv-02131 (NYW) (STV), 2022 U.S. Dist. LEXIS 227149, at *8-9 (D. Colo. Dec. 16, 2022) (denying plaintiffs' motion for early discovery because they did not "meaningfully explain why the requested discovery is necessary prior to the entry of default judgment").  Further, Plaintiffs allege that they are jointly and severally liable for the wrongs committed against Plaintiff. (ECF No. 9 at 2.)  If Plaintiffs moves forward with default judgment against Scepter, it would be unrealistic that Scepter, a company no longer operating, would sue the other related companies and individuals if they are jointly and severally liable.  (*See* ECF No. 9 at 1.)  Accordingly, Plaintiffs' motion is granted to afford it the opportunity to identify the unknown companies and individuals.

## **CONCLUSION**

Based upon the foregoing, Plaintiffs' motion (ECF No. 9) is granted.

Dated: Central Islip, New York
       November 2, 2023

**S O   O R D E R E D:**

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

8